JOSIAH ANDERSON, ETC., *v.* G. M. ADAMS, ETC.

LEORA GILKEY, ETC., *v.* GEO. M. ADAMS, ETC.

**Mortgages—Effect of Record—Notice.**

Where a mortgage is placed on record, it becomes evidence to all the world that the mortgagee has a claim of some kind against the mortgagor, and if a person deals with the mortgagor without making inquiry thereof, he cannot insist that the mortgagee should suffer instead of himself.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

June 27, 1873.

OPINION BY JUDGE LINDSAY:

The assignees of Goodman Flannery and wife took the note sued on subject to the right of the payor Anderson to avail himself of any defense, discount or offset, that he might have used against the original payees.

Independent of the mortgage of March 27, 1867, and of any special contract made at the time the note was executed to the effect that it was not to be paid until Anderson was released of or indemnified against liability as surety for Flannery on his bond as guardian for the two infant children of Preston Gilkey, deceased, Anderson had a clear right to resist the payment of any part of the note to Flannery so long as he remained insolvent, and the liability on his bond as guardian continued to exist. He has the same right to avail himself of this defense to the suit instituted by Geo. M. Adams & Co. Although the note was given in payment for the wife's land, yet she permitted it to be made payable jointly to her husband and herself. This was an appropriation by the husband with the consent of the wife of one-half the amount of the note, and against this one-half, there can be no doubt about Anderson's right to make the equitable defense relied on in this action. But it seems to us it is also clear that the mortgage debt of $685 for the payment of which the wife's land was bound is still a subsisting debt, and one which could have been pleaded against both Flannery and wife had they sued on the note. Anderson held $685 of the money of the infant children of Gilkey to indemnify himself against loss as surety for Mrs. Flannery their first guardian. At her request he paid over this money to her husband, and the mortgage was executed to supply the place of the indemnity surrendered, by this payment.

Three days afterwards Flannery was appointed guardian for these children, and Mrs. Flannery and Anderson signed his bond as sureties.

Although from this time forward Flannery's indebtedness was of a different character than it had theretofore been, he was still the principal debtor to his wards, and Anderson was still his surety. The mortgage was not released of record and under the circumstances it can not be implied that Anderson intended to waive it, nor that Mrs. Flannery intended or had reason to suppose that the appointment of her husband as guardian would operate to release

her land from the operation of said mortgage. The mortgage was lodged for record more than a year before Flannery and wife sold the mortgaged land to Anderson and eighteen months before they transferred the note to Smith, and nearly two years before said note reached the hands of these appellees.

It was constructive notice to all the world that Anderson had a claim of some kind against Flannery and wife, and if parties chose to purchase the note, without making inquiry, they ought not to insist in a court of equity that Anderson instead of themselves shall suffer.

If they lose it will be the result of their own negligence, but if he loses, it will be in spite of the reasonable precautions taken to guard against loss.

The court erred in disregarding Anderson's defense and upon his appeal the judgment is reversed.

Berkly should have been allowed to answer, and in no event should any portion of the land sold to him be subjected to the payment of the note until that portion still owned by Anderson has been first sold, wherefore upon his appeal the judgment is reversed, without deciding whether the children of Preston Gilkey, deceased, are beneficially entitled to the mortgage, made by Flannery and wife to Anderson. It seems that being parties to the suit, a judgment should be rendered securing to them so much of the proceeds of the note as may be necessary to pay to their present guardians the amounts respectively due them from Flannery.

The evidence clearly shows that Flannery and Anderson are both insolvent, and the small estates of the infants will probably be lost, unless secured by the judgment in this cause. Upon their appeals, the one against Adams & Company and the others versus Anderson and others, the judgment is also reversed.

Upon a return of the cause further proceedings will be had conformable to this opinion.

*T. Turner,* for appellants.

*Anderson & Reid,* for appellees.

*Holt,* for appellants, Gilkey by, etc.